Troy Law, PLLC
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------- x

YE MING HUANG,

|                                         |                          |
|-----------------------------------------|--------------------------|
| Plaintiff,                              | Case No. 22-cv-03618     |
| v.                                      | **COMPLAINT**            |

BAI WEI LLC
   d/b/a Bai Wei,

Defendant.

-------------------------------------------------------------- x

     Plaintiff YE MING HUANG (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendant BAI WEI LLC d/b/a Bai Wei, (hereinafter referred to as "Defendant"), and alleges as follows:

## INTRODUCTION

     1.    This action is brought by the Plaintiff YE MING HUANG against the Defendant for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA"); and Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.*, arising from Defendant's various willful and unlawful employment policies, patterns and practices.

     2.    Upon information and belief, Defendant has willfully and intentionally committed widespread violations of the FLSA and PAMWA and WPCL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendant: (1) unpaid overtime wages (2) liquidated damages, (3) prejudgment and post-judgement interest; and/or (4) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA") that he is entitled to recover from the Defendant: (1) unpaid overtime compensation, (2) pre-judgment and post-judgment interest, and (3) attorney's fees and/or costs.

5.      Plaintiff further alleges pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.* that he was not notified of the following: (1) time and place of payment; (2) rate of pay; and (3) amount of any fringe benefits or wage supplements to be paid to the employee, a third party, or a fund for the benefit of the employee.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the Pennsylvania Minimum Wage Act claims and Pennsylvania Wage Payment and Collection Law claims, pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant conducts business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8.      From on or about June 18, 2018 through about July 14, 2018, Plaintiff YE MING HUANG was employed by Jack Chen and Wen He Wang, as well as Sakura Mandarin, Inc., a corporation of which they were both shareholders, to work as a Chef for "Sakura Mandarin," a Chinese restaurant located at 1038 Race Street, Philadelphia, PA 19107.

9.      From on or about August 29, 2018 through about October 3, 2018, Plaintiff YE MING HUANG was employed by Jack Chen and Wen He Wang, as well as Sakura Mandarin, Inc., a corporation of which they were both shareholders, to work as a Chef for "Bai Wei," a Chinese restaurant located at 1038 Race Street, Philadelphia, PA 19107.

10.     From on or about October 4, 2018 through about May 23, 2021 (except from about March 15, 2020 through about September 1, 2020, when he did not work due to the COVID-19 pandemic), Plaintiff YE MING HUANG was employed by Defendant, as well as its individual member Jack Chen and Wen He Wang, who supervised Plaintiff in the kitchen, to work as a Chef for "Bai Wei," at 1038 Race Street, Philadelphia, PA 19107, from October 4, 2018 being operated by Defendant as well as Jack Chen and Wen He Wang.

## **DEFENDANT**

11.     Defendant is a domestic limited liability company organized under the laws of the State of Pennsylvania with a principal address at 1038 Race Street Philadelphia, PA 19107.

12.     From on or about June 18, 2018 through about July 15, 2018, the Chinese restaurant located at 1038 Race Street, Philadelphia, PA 19107 where Plaintiff was employed was operated by Sakura Mandarin, Inc. and known as "Sakura Mandarin."

13.     From on or about July 15, 2018 through on or about August 28, 2018, "Sakura Mandarin" closed for renovation. During this period, the restaurant's menus and signage were changed to reflect the restaurant's new name, "Bai Wei."

14.     The restaurant reopened under the name "Bai Wei" on or about August 29, 2018.

15.     Defendant was formed, and took over operation of the restaurant, now known as "Bai Wei," on October 4, 2018.

16.     Sakura Mandarin, Inc. did not dissolve, but Bai Wei LLC took over operation of the restaurant.

17.    Upon information and belief, Sakura Mandarin, Inc. and Bai Wei LLC use the same telephone number and premises for the restaurant.

18.    Upon information and belief, Sakura Mandarin, Inc. disposed of a substantial portion of its kitchen equipment and interior and exterior décor during the period July 15, 2018 through August 28, 2018, and Bai Wei LLC purchased a substantial portion of new equipment.

19.    Upon information and belief, Sakura Mandarin Inc. either assigned its lease to the premises at 1038 Race Street, Philadelphia, PA 19107 to Bai Wei LLC in about October 2018, or surrendered its least to the premises at 1038 Race Street, Philadelphia, PA 19107 to the landlord and Bai Wei LLC signed a new lease.

20.    Defendant's members include Jack Chen; he and Wen He Wang were also shareholders of Sakura Mandarin Inc.

21.    In any event, Bai Wei LLC operated "Bai Wei" restaurant from about October 4, 2018 through about May 23, 2021

22.    Plaintiff sued Sakura Mandarin Inc., Jack Chen, and Wen He Wang, on behalf of himself and others similarly situated, for, *inter alia*, unpaid overtime under FLSA and PAMWA, in the matter *Huang v. Sakura Mandarin, Inc.*, No. 21-cv-03757 (GEKP). Plaintiff's allegations against Sakura Mandarin Inc., Jack Chen, and Wen He Wang can be found in the pleadings in that matter.

23.    Defendant is jointly and severally liable with Sakura Mandarin Inc., Jack Chen, and Wen He Wang for the duration of Plaintiff's employment beginning October 4, 2018, when Defendant was formed.

24.    This matter ought to be consolidated with *Huang v. Sakura Mandarin, Inc.*, No. 21-cv-03757 (GEKP).

25.     Defendant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

26.     Defendant purchased and handled goods moved in interstate commerce.

## STATEMENT OF FACTS

27.     Defendant committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff.

28.     At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the federal and state minimum wage for each hour worked.

29.     At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

30.     While employed by Defendant, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

31.     Defendant failed to keep full and accurate records of Plaintiff's hours and wages.

32.     Upon information and belief, Defendant failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendant never furnished any notice of their use of tip credit.

33.     At all relevant times, Defendant knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

34.    Defendant knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

***Plaintiff Ye Ming Huang***

35.    From on or about June 18, 2018 to May 23, 2021, Plaintiff YE MING HUANG was employed by Defendant to work as a Chef at 1038 Race Street, Philidelphia, PA 19107.

36.    From July 15, 2018 to August 28, 2018, Plaintiff YE MING HUANG did not work due to the restaurant going through renovations.

37.    From March 15, 2020 to September 01, 2020, Plaintiff YE MING HUANG did not work due to the COVID 19 Pandemic

38.    From on or about June 18, 2018 to May 23, 2021, excluding the times that plaintiff did not work due to Restaurant Renovations and the COVID 19 Pandemic, Plaintiff YE MING HUANG regularly worked about 70 hours per week:

     a.  11:00 hours through 22:30 hours on Tuesdays through Thursdays;

     b.  11:00 hours through 23:00 hours on Fridays and Saturdays; and

     c.  11:00 hours through 22:30 hours on Sundays.

39.    At all relevant times, Plaintiff YE MING HUANG did not have a fixed time for lunch or for dinner.

40.    At all relevant times, Plaintiff YE MING HE had no break. Instead, Plaintiff YE MING HUANG had 10 minutes to eat and even then, he was on call, meaning that if customer's order came, his break stopped and he had to cook the customer's food.

41.    From on or about June 18, 2018 to July 15, 2018, Plaintiff YE MING HUANG was paid a flat compensation at a rate of four thousand dollars ($4,000.00) per month—except that if he missed a day of work, he would be deducted one hundred fifty-four dollars ($154.00; *i.e.*, $4,000.00 per month divided by 26 expected work days per month, rounded to the nearest dollar)

per missed day.

42.     From on or about August 28, 2018 to September 01, 2019 , Plaintiff YE MING HUANG was paid a flat compensation at a rate of four thousand two hundred dollars ($4,200.00) per month—except that if he missed a day of work, he would be deducted one hundred sixty-two dollars ($162.00; *i.e.*, $4,200.00 per month divided by 26 expected work days per month, rounded to the nearest dollar) per missed day.

43.     From on or about September 01, 2019 to March 15, 2020, Plaintiff YE MING HUANG was paid a flat compensation at a rate of four thousand four hundred dollars ($4,400.00) per month—except that if he missed a day of work, he would be deducted one hundred sixty-nine dollars ($169.00; *i.e.*, $4,400.00 per month divided by 26 expected work days per month, rounded to the nearest dollar) per missed day.

44.     From on or about September 01, 2020 to May 23, 2021, Plaintiff YE MING HUANG was paid a flat compensation at a rate of four thousand dollars ($4000.00) per month—except that if he missed a day of work, he would be deducted one hundred fifty-four dollars ($154.00; *i.e.*, $4,000.00 per month divided by 26 expected work days per month, rounded to the nearest dollar) per missed day.

45.     At all relevant times, Plaintiff YE MING HUANG was not paid overtime pay for overtime work.

46.     At all relevant times, Plaintiff YE MING HUANG was never informed of his hourly pay rate.

47.     Throughout his employment, Plaintiff YE MING HUANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime
Brought on behalf of the Plaintiff]**

48.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

50.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

51.    Defendant's failure to pay Plaintiff his overtime pay violated the FLSA.

52.    At all relevant times, Defendant had a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to employees, including Plaintiff, for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

53.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

54.    Defendant willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

55.    Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory

overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of Pennsylvania Minimum Wage Act—Unpaid Overtime Brought on behalf of Plaintiff]

56.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57.     Under the PAMWA Article 43, §§333.105(a)-(c), et seq, and the supporting Pennsylvania Department of Labor Regulations & industry regulations, Defendant was required to pay Plaintiff one and one half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

58.     Defendant has failed to pay Plaintiff the overtime to which he is entitled under the PAMWA.

59.     Defendant have willfully violated the PAMWA by knowingly and intentionally failing to pay Plaintiff overtime.

60.     Due to Defendant's willful violations of the PAMWA, Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

61.     Defendant's failure to pay Plaintiff was not in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and PAMWA;

b)      An injunction against Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c)      An award of unpaid overtime wages due under FLSA and PAMWA due Plaintiff, and liquidated damages;

d)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and PA S.B. 73;

e)      The cost and disbursements of this action;

f)      An award of prejudgment and post-judgment fees; and

g)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: September 9, 2022
        Flushing, New York

TROY LAW, PLLC
*Attorneys for the Plaintiff*

 /s/ C. D. Thomas
C. D. Thomas
PA Bar: 54696
41-25 Kissena Boulevard,
Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com