# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is made by and among, (i) YE MING HUANG (hereinafter "Plaintiff") (ii) SAKURA MANDARIN INC f/d/b/a Sakura Mandarin, d/b/a Bai Wei; WEN HE WANG a/k/a Wenhe Wang, JACK CHEN, Na Na Chan, A La Mousse, Dessert Pop, Inc., Spice 28 and Chili Bamboo LLC (hereinafter "Sakura Mandarin Defendants") and BAI WEI LLC d/b/a Bai Wei (hereinafter "Bai Wei Defendant") (Sakura Mandarin Defendants and Bai Wei Defendant collectively hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS**, on August 23, 2021, YE MING HUANG, through his attorneys, Troy Law, PLLC, filed a Complaint against Sakura Mandarin Defendants in the United States District Court for the Eastern District of Pennsylvania (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, 21-cv-03757 (the "Sakura Mandarin Complaint"); and

**WHEREAS**, on September 9, 2022, Plaintiff filed another Complaint in the Court alleging FLSA,PMWA and Pennsylvania Wage Payment and Collection Law claims in the Court, 22-cv-03618 (the "Bai Wei Complaint"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaints (together: Consolidated Action);

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, Tiffany Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 110, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Claude I. Schoenberg, Esq., Esq., SCHOENBERG LAW OFFICE, 363 Bala Avenue, Bala Cynwyd, PA 19004 Tel: 6109086129, Email: claude.schoenberg@me.com and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

2

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

**1. Settlement Amount**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all wage-and-hour claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the total amount of Seventy-Six Thousand Five Hundred Dollars ($76,500.00), consisting of $49,500.00 payable to Plaintiff and $27,000.00 payable to Troy Law PLLC.

**2. Settlement Payment Schedule**

The Settlement shall be payable on a schedule as set forth as follows:

i) Seventy-Six Thousand Five Hundred Dollars ($76,500.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 110, Flushing, NY 11355 within 30 days of the Court's docketed approval of this settlement agreement and should consist of three (3) bank checks:
   (1) A check made payable to "Troy Law, PLLC" in the amount of $27,000. This amount shall be reportable on year-end 1099 issued to Troy Law, PLLC;
   (2) A check in the gross amount of $24,750 made payable to YE MING HUANG, less applicable taxes and withholding. This amount shall be reportable on a year-end form W-2 issued to the Plaintiff;
   (3) A check in the gross amount of $24,750 made payable to YE MING HUANG. This amount shall be reportable on year-end 1099 issued to the Plaintiff;

**3. Missed/ Late Payment**

a) If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but fails to clear the first time when it is deposited or is otherwise unpresentable for payment, including being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment in addition to whatever service charge that are incurred as a result of the bounced check and this charge will be paid with the new payment.
b) Defendants agree to pay both Defendants' Counsel and Plaintiff's counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.
c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

**4. Attorneys' Fees in the Event of Default**

a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings
b) A default reinstates the original claims and the Defendants will not plead the statute of limitations.

## 5. Tax

a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

## 6. Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) WEN HE WANG a/k/a Wenhe Wang, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) JACK CHEN, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) ANNA CHEN in her individual and corporate capacities, and her heirs, executors, administrators, attorneys, successors and assigns; (iv) SAKURA MANDARIN INC f/d/b/a Sakura Mandarin, d/b/a Bai Wei and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (v) BAI WEI LLC d/b/a Bai Wei and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (vi) DESSERT POP, INC. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (vii) a La Mousse and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (viii) Spice 28 and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ix) CHILI BAMBOO, LLC and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims alleged in the

Sakura Mandarin and Bai Wei Complaints **ONLY**, arising under the Fair Labor Standards Act, 29 U.S.C. sections 201 *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. sections 333.101, *et seq.* the Pennsylvania Wage Payment and Collection Law, 43 P.S. section 260.1 *et seq.*, or any other federal, state, or local statute, regulation, ordinance, or common law theory seeking unpaid wages or any associated penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution or equitable or other relief pertaining to Plaintiff's employment with Defendants as specified in the Complaint This release does not include a release of any rights Plaintiff may have to enforce this Agreement.

Nothing herein shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency.

### 7. Discontinuance of Claims

Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or his representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice which Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court upon the Court's docketed approval of this settlement agreement and Defendants' payment in full of the settlement amount. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees any and all claims asserted in his Complaints.

### 8. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 9. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the Commonwealth of Pennsylvania, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Eastern District of Pennsylvania, with the prevailing party being awarded reasonable attorneys' fees and costs.

### 10. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

**11. Modification**

This Agreement may not be changed unless the change is in writing and signed by the Parties.

**12. General Provisions**

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

**13. Legal Counsel**

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

**14. Execution**

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

### CERTIFICATE OF TRANSLATION (for Plaintiff)

I, John Troy, certify that I am fluent in both Chinese (Mandarin) and English. I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Chinese (Mandarin) for Plaintiff(s) YE MING HUANG. After the translation, I asked he understood the contents of the Settlement Agreement which he is signing and the Parties' Joint Motion for Approval of Settlement which explains the Parties believe the Settlement is fair, and which I have translated, and he answered in the affirmative. he has signed the Settlement Agreement in my presence after the translation, after due consideration and

due consideration and without coercion.

_____
Translator Signature

**PLAINTIFF**

YE MING HUANG

_ye ming huang_
Dated:
8/1/2024

7

## CERTIFICATE OF TRANSLATION (for Defendants)

I, _JACK CHEN_ certify that I am fluent in both Chinese (Mandarin) and English and that I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Chinese (Mandarin) for Defendants SAKURA MANDARIN INC f/d/b/a Sakura Mandarin, d/b/a Bai Wei; and BAI WEI LLC d/b/a Bai Wei and ; and WEN HE WANG a/k/a Wenhe Wang, and JACK CHEN. After the translation, I asked if they understood the contents of the Settlement Agreement which they are signing and the Parties' Joint Motion for Approval of Settlement which explains the Parties believe the Settlement is fair, and which I have translated, and they answered in the affirmative. he have signed the Settlement Agreement in my presence after the translation, after due consideration and without coercion.

_____
Translator Signature

**DEFENDANTS**

WEN HE WANG a/k/a Wenhe Wang

_____
Dated: 7/25/24

JACK CHEN

_____
Dated: 7/25/24

SAKURA MANDARIN INC f/d/b/a Sakura Mandarin, d/b/a Bai Wei

_____
Name: Jack Chen
Title: Vice President
Dated: 7/25/24

BAI WEI LLC d/b/a Bai Wei

_____
Name: Jack Chen
Title: President
Dated: 7/25/24

8

Na Ns CHAN

_____
Dated: 9/25/24

A LA MOUSSE

_____
Name: Na Na Chan
Title: President
Dated: 7/25/24

DESSERT POP, INC.

_____
Name: Na Na Chan
Title: President
Dated: 7/25/24

CHILI BAMBOO LLC d/b/a SPICE 28

_____
Name: MINQING LI
Title: President
Dated: 7/25/24

9